# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TIMOTHY L. WALSTON,**

    **Plaintiff,**

**vs.**

**JOHN BALDWIN,**
**KIMBERLY BUTLER,**
**C/O BENEFIELD,**
**DR. TROST,**
**DR. FUENTES, and**
**WEXFORD HEALTH SOURCES, INC.,**

    **Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. 16–cv–0884–MJR–SCW**

## <u>MEMORANDUM & ORDER</u>

**REAGAN, Chief District Judge:**

  This matter is now before the Court on a Report and Recommendation ("R&R") submitted by Magistrate Judge Stephen C. Williams, recommending that this Court grant summary judgment in favor of Defendants Trost, Fuentes, and Wexford Health Source, Inc. ("Wexford") (Doc. 79).  The underlying case is a Section 1983 civil rights suit against the Defendants regarding care Plaintiff received for trauma to his head while incarcerated.  Magistrate Judge Williams conducted an evidentiary hearing prior to issuing his R&R to assess the weight and credibility of the evidence regarding Plaintiff's exhaustion of administrative remedies for his medical needs.  In the R&R, Magistrate Judge Williams found that the evidence did not support Plaintiff's theory

that he exhausted his administrative remedies as to Defendants Trost, Fuentes and Wexford. Plaintiff filed a timely objection to the R&R (Doc. 86). Shortly thereafter, counsel was appointed for Plaintiff Walston, and multiple extensions were granted to allow counsel to conduct discovery and to object to the R&R. Plaintiff's counsel filed an objection on March 13, 2018 (Doc. 103). The R&R and Plaintiff's objections are now before the Court for consideration.

For the reasons explained below, the undersigned overrules Plaintiff's objections, adopts in full Judge Williams' R&R, and grants summary judgment to Defendants Trost, Fuentes, and Wexford.

## PROCEDURAL & FACTUAL BACKGROUND

Plaintiff alleges that on October 23, 2014, he was viciously beaten by a cellmate while the guards stood by and that he did not receive adequate medical care for his injuries (Doc. 27, p. 2-5). Pertinent to the summary judgment motion pending before the Court, the medical defendants (Trost, Fuentes, and Wexford) argued that Plaintiff did not name them in a grievance he submitted on November 4, 2014 to his counselor. By contrast, Plaintiff alleges that he included the medical defendants, at the latest, in his supplement to the original grievance which he filed with the grievance officer, but that he never received a response. Magistrate Judge Williams held an evidentiary hearing to determine whether or not Plaintiff exhausted administrative remedies as to the medical defendants.

At the hearing, the Plaintiff testified that his original November 4, 2014 grievance did not make mention of the medical defendants. By contrast, Plaintiff testified that when he got the grievance back from his counselor he added a supplement that included the medical defendants. Plaintiff testified in response to multiple questions at the hearing that he did not include the medical defendants in his original grievance submitted to his counselor on November 4. The very last time he was asked to clarify about whether or not the medical defendants were included in his grievance from the very outset, he attempted to state that perhaps he mentioned some medical personal in his original grievance to his counselor. In response to Judge Williams' specific inquiry about when the medical defendants were added to the grievance, Plaintiff said, "Well, definitely, I ain't for sure about having the doctors and all that, but Benefield and Spiller is in there, but the doctors didn't come til later on." (Doc. 99 at 17).

The parties did not have physical evidence of the November 4, 2014 grievance or its contents. Based on the information presented, Magistrate Judge Williams determined that the medical defendants were entitled to summary judgment because Plaintiff did not reliably establish that he exhausted administrative remedies as to those three defendants. Proper exhaustion would have required that the medical defendants be included in a grievance that went first to his counselor, then to the grievance office, and on towards the ARB.

An R&R issued on November 27, 2017, providing time for objections until December 14, 2017 (Doc. 79). Plaintiff filed a short written objection on December 12, 2017 (Doc. 86). Without offering any additional documentary evidence, Plaintiff claimed in his written objection that he misspoke at the evidentiary hearing. He claims that he said at the hearing that his supplement to the November 4, 2014 grievance added the medical defendants. But now, via writing, he claims that the medical defendants were included in the original November 4 grievance and that the supplement actually changed the name of his assailant, rather than adding medical defendants. Plaintiff pleads for the Court to accept his new version of the facts—alleging that he still has confusion and it is difficult for him to recount accurate details without access to records. His written motion contains a discrepancy about the date of the alleged assault—it says in multiple places that the assault occurred on 11-23-2014, but that he submitted grievances on 11-4-2014.

Plaintiff's counsel submitted a second objection to the R&R in March 2018. Counsel focused primarily on the standard at summary judgment, arguing that if there is a dispute of fact, the matter should be left for a jury. Counsel also argued that earlier confusion by Plaintiff about the contents of his original grievance to his counselor and subsequent supplements could be attributed to his lack of notice about the summary judgment hearing and inability to prepare for it, as well as memory problems resulting from his head trauma. In support of the objection, counsel supplied a sworn affidavit

wherein Plaintiff indicated that he had no opportunity to prepare for the summary judgment hearing and that had he reviewed his materials he would have remembered that his original grievance to his counselor did include the medical defendants (Doc. 103-1). He indicates again in his affidavit that the supplement submitted to the grievance officer identified the perpetrator of the assault, rather than adding the medical defendants in the first instance (Doc. 103-1)

The R&R is now before the Court for a ruling.

## Legal Standards

When a party timely objects to a magistrate judge's R&R, the district court—giving deference to the magistrate judge's findings of fact and credibility determinations as noted below—must undertake *de novo* review of the portions to which an objection has been made. **28 U.S.C. § 636(b)(1)(C).**

As an inmate, Plaintiff's lawsuit is governed by the PLRA, which requires a prisoner to exhaust his administrative remedies before filing suit. **42 U.S.C. § 1997e.** In Illinois, the grievance process requires a prisoner to speak with his counselor, file a written grievance, and then appeal that grievance through the institutional and state levels. **20 Ill. Admin. Code §§ 504.810–850.** Though the Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement, ***Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)**, the PLRA's plain language is clear: an inmate must exhaust only those administrative remedies that are available to him, **42 U.S.C. § 1997e(a).** Administrative

remedies become "unavailable" when prison officials fail to respond to a properly filed inmate grievance, *Lewis v. Washington*, **300 F.3d 829, 833 (7th Cir. 2002)**, or, when prison employees thwart a prisoner from exhausting, *Dole*, **438 F.3d at 809.**

In *Pavey v. Conley* (*Pavey I*), the Seventh Circuit set forth the procedures for tackling the exhaustion issue. The first step is for the judge to conduct "a hearing on exhaustion and [permit] whatever discovery relating to exhaustion he deems appropriate." *Pavey I*, **544 F.3d 739, 742 (7th Cir. 2008).** Upon conducting the hearing, a court may credit the testimony of one witness over another. ***See Pavey v. Conley (Pavey II)*, 663 F.3d 899, 904 (7th Cir. 2011) (affirming the factual findings of a magistrate judge, whose R&R included factual findings that plaintiff was not credible).** Thus, unlike other summary judgment motions, the very purpose of *Pavey I* is to allow a judge to resolve swearing contests between litigants on the limited issue of exhaustion of administrative remedies. ***See Pavey I*, 544 F.3d at 741 ("Juries decide cases, not issues of judicial traffic control.").** A magistrate judge's credibility determinations are afforded great deference. *Pavey II*, **663 F.3d at 904;** *see also Goffman v. Gross*, **59 F.3d 668, 671 (7th Cir. 1995) ("[D]e novo determination is not the same as a *de novo hearing*. The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations.") (emphasis added).**

**ANALYSIS**

Here, Plaintiff initially asserted that he filed a grievance on November 4, 2014, and subsequently filed a supplement. Then, at the evidentiary hearing, he testified that his initial grievance did not include the medical defendants, because he added those individuals via a supplement. He also claimed that he had a written copy of his original grievance. Now, via a written objection, Plaintiff claims that his original grievance did identify the medical defendants, and that the supplement merely changed the identity of his assailant. A second objection by Plaintiff's counsel tracks with Plaintiff's own assertions (Doc. 103).

This objection raises a close call. Plaintiff testified at the evidentiary hearing that he had a written copy of his November 4 grievance, but that he had not brought it to court. Thus, upon return to his place of incarceration he feasibly could have reviewed the document and he could have found its contents to differ from his testimony. If Plaintiff could provide the Court with evidence that his original grievance named the medical defendants—his new written claim would be credible. However, his written submission was not accompanied by a copy of his original grievance, nor could records from the evidentiary hearing flesh out its contents. Although Plaintiff did provide a sworn affidavit about his new account of the facts, it is still not accompanied by any documentary proof.

Given the remaining ambiguity about the contents of the November 4, 2014 grievance, this Court cannot confidently say that it should adopt Plaintiff's new version of events over his testimony at the hearing. Magistrate Judge Williams thoroughly considered the evidence presented on the grievance at the evidentiary hearing. He concluded that Plaintiff had not exhausted administrative remedies as to the medical defendants. Plaintiff's latest filing gives no concrete reason for the undersigned to doubt or undermine the credibility determination of Magistrate Judge Williams. The sworn affidavit weighs slightly in favor of Plaintiff's account, but it is also self-serving because Magistrate Judge Williams gave his R&R ruling on the record at the summary judgment hearing and Plaintiff then had time to concoct a story that circumvented that ruling. Additionally, the Court is not persuaded by counsel's insistence that a dispute of fact must be left for the jury because in the context of a *Pavey* hearing, it is appropriate for the Court to make credibility determinations. Accordingly, Plaintiff's objections to the R&R are denied, and the R&R is adopted in full.

CONCLUSION

For the foregoing reasons, the R&R submitted by Magistrate Judge Stephen C. Williams (**Doc. 79**) is **ADOPTED** in full. The summary judgment motion filed by Defendants Trost, Fuentes, and Wexford (**Docs. 61 and 62**) is **GRANTED.** Plaintiff's claims against Trost, Fuentes, and Wexford are **DISMISSED** without prejudice, and the

Clerk is **DIRECTED** to terminate them from the docket.  By contrast, the case remains active as to Defendants Baldwin, Butler, and Benefield.

IT IS SO ORDERED.

DATED 15 March 2008.

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
United States District Judge