IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY L. WALSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16 -CV-00884 -MAB |
| | ) |
| JOHN BALDWIN, ET AL., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Timothy L. Walston, an inmate in the Illinois Department of Corrections, filed this lawsuit in pursuant to 42 U.S.C. § 1983 alleging multiple Defendants violated his constitutional rights (Doc. 1). After summary judgment, this case proceeded to a jury trial against one Defendant, C/O Keith Benefield. After a four-day trial, the jury returned a verdict for Defendant Benefield (Doc. 204). On April 28, 2021, the Court closed this case (Doc. 209).

Now pending before the Court is Defendant's Bill of Costs. Defendant filed his Bill of Costs on September 1, 2021 seeking a total of $538.65 for deposition transcripts (Doc. 215).

Plaintiff filed two objections to the Bill of Costs on September 13, 2021 and September 15, 2021 (Docs. 271, 218). Plaintiff objects to the costs on "hardship grounds," as he does not have the ability or means to pay (*Id.*). He reminds the Court that he

1

proceeded in this case as "indigent" and was appointed attorneys, free-of-charge, due to his indigent status (*Id.*).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted, however, if the losing party is indigent and has no ability to pay. *Id.*; *see also Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court imposed costs at this time or in the future.' " *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). This evidence should be in the form of an affidavit or other documentation that outlines the losing party's income and assets. *Id.* Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* The burden of threshold factual finding of a party's inability to pay is placed on the losing party and should be supported by documentation in the form of "an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.*

Here, Plaintiff was granted *pauper* status when this action commenced in 2016, and he has been continuously incarcerated throughout the course of this litigation (*see* Doc. 8). Plaintiff did not provide any supporting information to his short objections detailing his current Trust Fund balance or other financial information to allow the Court to assess his current income, which is integral to the Court's determination of whether a plaintiff is incapable of paying costs. In fact, the last time the Court has seen anything regarding Plaintiff's current financial status is from his original motion for leave to proceed *in forma pauperis* ("IFP motion") and supporting materials, which were filed in August and September 2016 (Docs. 6, 7).

Turning to the amount of the costs, Defendants seek a total of $538.65. That sum, while not astronomical, is substantial to a prisoner proceeding *in forma pauperis*. Furthermore, the Court finds that this action was not frivolous and involved important constitutional rights under the Eighth Amendment. The Court believes Plaintiff's pursuit of this action was in good faith even though he did not prevail, but that he should not be completely relieved of the obligation to pay Defendants' costs as he has not submitted information about his current financial situation. *See Luckey v. Baxter Healthcare Corp.*, 183 F.3d 730, 734 (7th Cir. 1999) ("Someone has to bear the costs of litigation, and the winner has much the better claim to be spared them . . . . Straitened circumstances do not justify filing weak suits and then demanding that someone else pay the bill."). Additionally, depositions are one of the primary methods of conducting discovery, and the parties in a lawsuit are permitted to depose one another. *See* FED. R. CIV. P. 30. Making a record of the deposition in a written transcript and/or by video is

3

essential. Deposition costs are recoverable under 28 U.S.C. § 1920. *See also Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). The Court has no reason to doubt that it was necessary for Defendant to depose Plaintiff in order to properly defend himself against his claims. Plaintiff has not demonstrated otherwise.

For these reasons, the Court **OVERRULES** Plaintiff's objection to costs since he has not submitted an affidavit with his current financial status outlined clearly for the Court, or other supporting materials and arguments. The Court **ORDERS** an award of costs in the total amount of $538.65, and the Clerk of Court shall tax costs in this amount against Plaintiff.

IT IS SO ORDERED.

DATED: December 7, 2022

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
